UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER WESLEY**<br>    **LA. DOC #511958**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-0483**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **JUDGE SCOTT LEEHY, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Wesley, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 3, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. When he filed this complaint he was incarcerated at the Ouachita Parish Corrections Center. On some unspecified date he was transferred to the Louisiana State Penitentiary, Angola.[1]  Plaintiff claims that he was wrongly convicted of aggravated battery, attempted armed robbery with a firearm, and possession of a firearm by a convicted felon in a trial convened in the Fourth Judicial District Court, Ouachita Parish. He sued Judge Scott Leehy, attorney James E. Ross, and Assistant District Attorney Michael J. Fontenot praying for compensatory damages for wrongful conviction and false imprisonment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted,

---

[1] Vine Link, Offender Locator Services at https://www.vinelink.com/vinelink/detailsAction.do?siteId=19000&agency=900&id=511958&searchType=offender

and for seeking money damages from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

### *Background*

On January 14, 2012, plaintiff was arrested and booked into the Ouachita Corrections Center on a warrant charging attempted murder and attempted armed robbery. Thereafter the charges were amended to charge aggravated battery, attempted armed robbery while armed with a firearm, and possession of a firearm by a convicted felon. On September 25, 2013, plaintiff was found guilty as charged of all three offenses.

Plaintiff claims that the evidence – specifically that he was armed with a firearm – was insufficient to convict him of the three offenses. He also finds fault with the prosecutor's amendment of the charges.

### *Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2. *Heck v. Humphrey***

Plaintiff contends that his arrest, prosecution, conviction, and continued incarceration amount to false arrest, malicious prosecution, and false imprisonment and he seeks money damages from each of the defendants for the alleged violations of his Constitutional rights.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness

of his conviction or confinement ...")

If the court were to grant plaintiff the damages he seeks under the facts of this case, such ruling would necessarily implicate the validity of his conviction and incarceration. Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d 102-103. (A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

**4. Immunity**

Plaintiff claims that he is entitled to damages from Assistant District Attorney Fontenot because of the manner in which he engaged in the prosecution of plaintiff's criminal charges. Plaintiff's claim against Fontenot is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against Fontenot is based on Fontenot's conduct as the State's advocate and he is thus entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430; *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003). Plaintiff's complaint, insofar as it seeks money damages

from the Assistant District Attorney who prosecuted him must therefore be dismissed since he is absolutely immune.

Plaintiff's claims against Judge Leehy should be denied on the basis of judicial immunity. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Plaintiff sues the judge for acts that arose out of his normal judicial function and he is thus entitled to absolute judicial immunity.

**5. State Actors**

Plaintiff's claim against his attorney, James Ross, fares no better, but for a different reason. Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To

state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Criminal defense attorneys, whether retained or court-appointed, are not "state actors and therefore cannot be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Consequently, plaintiff's claim against Mr. Ross lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 15, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**